Appeal by employer and insurance carrier from an award granted by the Workmen’s Compensation Board for death benefits to the widow and minor children of Harry Berman. The award is challenged upon the issue of jurisdiction. It is opposed upon the ground that jurisdiction is exclusively in the United States Employees’ Compensation Commission. Deceased was employed as a technician. He was an expert in the modification of crystals in. the manufacture of radio, radar and electronic equipment. He acted in an advisory capacity to the superintendents of plants of the employer in the State of New York. The employer had a contract with the United States Government to furnish and deliver in the city of New York units to make up a plant to be installed by the British Government somewhere in the United Kingdom which would be a duplicate of the employer’s plant in New York City. Deceased was sent to the point of final destination to act in an advisory capacity regarding any difficulty which might be encountered in the plant at the destination point for a period not to exceed sixty days. The employer assumed no obligation in connection with the operation or maintenance of the plant. Deceased sustained fatal injuries en route in a plane crash over Scotland. The Compensation Board found that it had jurisdiction and affirmed an award granted by the referee. These findings are justified by the record. (Matter of Hammond V. Albany Garage Co., 267 App. Div. 647, and cases there cited.) Award affirmed, with costs to the Workmen’s Compensation Board. All concur.